UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

James Maxwell Green,

Plaintiff,

v.

Director/Secretary, California Department
of Corrections and Rehabilitation, et al.,

Defendant.

Case No.:  14cv965-LAB-BGS

**REPORT AND
RECOMMENDATION REGARDING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

## I.   PROCEDURAL BACKGROUND

Plaintiff James Maxwell Green, CDCR No. F-16348, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff claims Defendants (1) violated his right to free exercise of his Native American religion by confiscating religious items he claims are necessary to his religious practice and denying him "access to a sweat lodge and/or place" in which to practice his faith; and (2) violated his "right to be free cruel (sic) and unusual punishment when they "intimidated [him] with acts of violence" and subjected him to "racial discrimination" and "harassment" by "placing him in a cage."  (*See* ECF No. 1 at 3-5.)

Defendants answered Plaintiff's Complaint on November 24, 2014.  (ECF No. 13.)
On November 12, 2015, Defendants filed a Motion for Summary Judgment pursuant to

1

Federal Rule of Civil Procedure 56 based on Plaintiff's alleged failure to exhaust his administrative remedies.  (ECF No. 24-1.)  The Court notified Plaintiff of the requirements for opposing summary judgment, including opposing a summary judgment brought on exhaustion grounds, pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc).  (ECF No. 25.) Plaintiff filed his Opposition to Defendants' Motion for Summary Judgment on February 3, 2016.  (ECF No. 27.)

On March 31, 2016, the Court ordered Defendants to provide supplemental briefing and documentation to substantiate their contention that Plaintiff failed to exhaust his administrative remedies.  (ECF No. 29.)  The Court again notified Plaintiff of the requirements for opposing summary judgment, including opposing a summary judgment brought on exhaustion grounds, pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc).  (ECF No. 29.)

Defendants filed their supplemental brief on April 20, 2016.  (ECF No. 33.) Plaintiff's response to Defendants' supplemental brief was due on April 27, 2016.  (ECF No. 29.)  As of the date of this filing, Plaintiff has not filed a responsive brief.[1]

## II.   ALLEGATIONS IN PLAINTIFF'S COMPLAINT

According to his Complaint, Plaintiff "was subjected to hate (sic) crime, racial discrimination and denial of his religious practice (sic) of his tribal holdings and practices" by staff members at Richard J. Donovan Correctional Facility ("Donovan Correctional Facility").  (ECF No. 1 at 2.)  Specifically, Plaintiff alleges that "he was denied the right to access to a sweat lodge and/or place in which to preform (sic) his ceremonial endeavors and practices, and was subjected to a vast indulment (sic) of prejudice and ridecual (sic)[.]"  (*Id.* at 1.)  Plaintiff claims that Defendants Edrozo, Alanis and Johnson "act[ed] in concert" and took one of his items of religious significance.  (*Id.*

---

[1] The Court waited six weeks after the deadline for Plaintiff to file a response.  Plaintiff neither filed a response, nor sought an extension on the deadline.

at 3-4.)  He further states that he was cuffed and placed in a cage in an attempt "to degrade him and threaten him with harm to his person."  (*Id.* at 1.)  He states that Defendants violated his "right to be free cruel (sic) and unusual punishment in the form of hate crime based upon the right to worship in any way without being harassed by the defendants thereof."  (*Id.* at 4-5.)

## III.   LEGAL STANDARD

### i.   Statutory Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . ., or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement serves two purposes:

> First, exhaustion protects administrative agency authority.  Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of the agency's procedures.  Second, exhaustion promotes efficiency.  Claims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court.

*Woodford v. Ngo*, 548 U.S. 81, 89, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (internal quotation marks, alteration, and citations omitted).

Although "the PLRA's exhaustion requirement applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), the requirement for exhaustion under the PLRA is not absolute.  Specifically, the PLRA "does not require exhaustion when circumstances render administrative remedies 'effectively unavailable.'"  *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (citing *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010)).

Exhaustion under the PLRA is an affirmative defense.  *Jones v. Bock*, 549 U.S.

199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).  Therefore, when a Defendant seeks summary judgment based on a Plaintiff's failure to exhaust, the Defendant must first prove that there was an available administrative remedy and that the Plaintiff did not exhaust that available remedy.  *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014)) (quotation marks omitted).  If they do, the burden then shifts to the Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  *Williams*, 775 F.3d at 1191.

### ii.  Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011); Fed. R. Civ. P. 56(a). The moving party must show the absence of a dispute as to a material fact.  *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005).  The moving party must show that a fact cannot be disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," that "establish the absence of a genuine dispute."  Fed. R. Civ. P. 56(c)(1)(A), (B); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The burden then shifts to the non-moving party to show that there is a "genuine dispute" as to a material fact, or that the "adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(B); *Celotex*, 477 U.S. at 324.  A party opposing a properly supported motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1886).  "This burden is not a light one. [. . .] The non-moving party must do more than show there is some

1  'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627

2  F.3d 376, 387 (9th Cir. 2010) (citation omitted).

3       The court may not weigh evidence or make credibility determinations on a motion

4  for summary judgment. *Anderson*, 477 U.S. at 249. Quite the opposite, the inferences to

5  be drawn from the underlying facts must be viewed in the light most favorable to the

6  nonmoving party. *Id.* at 255.

7       Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he

8  must affirmatively demonstrate that no reasonable trier of fact could find other than for

9  him. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). Defendants

10  do not bear the burden of proof at trial and in moving for summary judgment, they need

11  only prove an absence of evidence to support Plaintiff's case. *In re Oracle Corp.*, 627

12  F.3d at 387 (citing *Celotex*, 477 U.S. at 323).

## IV. PLAINTIFF'S EXHAUSTION OF ADMINISTRATIVE REQUIREMENTS REGARDING ALLEGED VIOLATIONS OF HIS FIRST AMENDMENT RIGHTS

16       When a defendant seeks summary judgment based on a plaintiff's failure to

17  exhaust, the defendant must first prove that there was an available administrative remedy

18  and that the plaintiff did not exhaust that available remedy. *Williams*, 775 F.3d at 1191

19  (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted). If they do, the burden then

20  shifts to the plaintiff "to come forward with evidence showing that there is something in

21  his particular case that made the existing and generally available administrative remedies

22  effectively unavailable to him." *Williams*, 775 F.3d at 1191.

### a. Availability of an Administrative Remedy

#### i. Parties' Arguments

25       Defendants assert that Plaintiff had an available administrative remedy while

26  incarcerated at Donovan Correctional Facility. (ECF No. 24-1 at 8-10.) In support of

27  this argument, Defendants submit declarations from V. Sosa, Appeals Coordinator at the

28  Donovan Correctional Facility in San Diego, California ("Sosa Decl.") (ECF No. 24-5)

and M. Voong, Chief of the Office of Appeals in Sacramento, California ("Voong Decl.") (ECF No. 24-7).

According to these declarations, since January 28, 2011, and during the times alleged in Plaintiff's Complaint, Title 15 of the California Code of Regulations[2] required three formal levels of appellate review for prisoner grievances. (*See* ECF No. 24-5 ¶ 2, ECF No. 24-7 ¶ 5.) Therefore, in order to properly exhaust his claims, a Plaintiff must, within thirty calendar days of the decision or action being appealed, or "upon first having knowledge of the action or decision being appealed," (Cal. Code Regs., tit. 15 § 3084.8(b)) "use a CDCR Form 602 (Rev. 08/09), Inmate/Parolee Appeal, to describe the specific issue under appeal and the relief requested." (*Id.* § 3084.2(a); *see also* ECF No. 24-5 ¶ 2; ECF No. 24-7 ¶¶ 5-7.)

The declarations from V. Sosa and M. Voong further state that, "[i]f the inmate is not satisfied with the first level response, he or she may submit the appeal for a second level of review." (ECF No. 24-5 ¶ 2; ECF No. 24-7 ¶ 7 citing Cal. Code Regs., tit. 15 § 3084.7(b). If the inmate is not satisfied with the second level response, he or she can submit their complaint to the Office of Appeals in Sacramento for a third level review. (ECF No. 24-5 ¶ 2; ECF No. 24-7 ¶ 7 citing Cal. Code Regs., tit. 15 § 3084.7(c).) The third level of review, "completes the exhaustion process." (ECF No. 24-5 ¶ 2; ECF No. 24-7 ¶ 7 citing Cal. Code Regs., tit. 15 § 3084.7(d)(3).)

Plaintiff concedes that Defendants properly outlined the inmate appeals process. (ECF No. 27 at 1.)

## ii. Discussion

Given the above information, the Court RECOMMENDS a finding that Defendants have met their initial burden of proving that Plaintiff had an administrative remedy available to him. *See Williams*, 775 F.3d at 1191. Defendants presented

---

[2]Title 15 of the California Code of Regulations states that a California prisoner may appeal "any policy, decision, action, condition, or omission by the department or its staff that [he] can demonstrate as having a material adverse effect upon his . . . health, safety, or welfare." Cal Code Regs., it. 15 § 3084.1(a).

evidence that the Donovan Correctional Facility had a formal grievance procedure through the declarations from V. Sosa, Appeals Coordinator at the Donovan Correctional Facility in San Diego, California (ECF No. 24-5) and M. Voong, Chief of the Office of Appeals in Sacramento, California.  (ECF No. 24-7.)  Importantly, Plaintiff concedes that a grievance procedure existed and that Defendants properly outlined that procedure. (ECF No. 27 at 1.)

### iii.  Conclusion

For the above stated reasons, the Court **RECOMMENDS** a finding that Defendants have met their burden of showing that Plaintiff had an available administrative remedy.

### b.  Did Plaintiff Exhaust the Available Administrative Remedies?

### i.  Defendants' Argument

Defendants argue that they are entitled to summary judgment on Plaintiff's First Amendment claim because he failed to exhaust his administrative remedies.  (ECF No. 24-1.)  In support of this argument, Defendants submit declarations from V. Sosa, Appeals Coordinator at the Donovan Correctional Facility in San Diego, California (ECF No. 24-5); M. Voong, Chief of the Office of Appeals in Sacramento, California.  (ECF No. 24-7); A. Alanis, Correctional Officer at Richard J. Donovan Correctional Facility ("Alanis Decl.") (ECF No. 33-2); B. Self, Appeals Coordinator at Richard J. Donovan Correctional Facility ("Self Decl.") (ECF No. 33-4); and Sergeant S. Whiting, Correctional Sergeant at Richard J. Donovan Correctional Facility ("Whiting Decl.") (ECF No. 33-5.)

### 1.  Plaintiff's Initial First-Level Appeal

According to V. Sosa, on October 14, 2013, Plaintiff filed an inmate appeal, also referred to as a "602," with the Donovan Correctional Facility Appeals Coordinator's Office.  (ECF No. 24-5, ¶ 6.)  This inmate appeal alleged that Defendant Alanis searched Plaintiff's cell on September 22, 2013, destroyed his religious alter, and removed

religious artifacts.[3]  (*Id.*)  On October 16, 2013, Plaintiff received notice that his inmate appeal had been rejected for failure to attempt to resolve the issue informally through the use of a CDCR Form 22.  (*Id.*; *see also* ECF No. 24-6, Ex. B.)  The letter further states,

> Send the CDCR Form 22 to the appropriate staff member for a response; if dissatisfied with their response send it to their supervisor; if you are still not satisfied with the response, attach it to your appeal and resubmit it to the appeals office for further review.

(ECF No. 24-6, Ex. B.)  The bottom of the letter includes the following language:

> Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).  Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if the appeal on the cancellation is granted.

(*Id.*)

Officer Alanis declares that Plaintiff "never submitted a Form 22 to [him] to resolve the alleged confiscation of religious items."  (ECF No. 33-2 ¶ 3.)  According to V. Sosa, at the time Plaintiff's appeal was rejected, the Donovan Correctional Facility Appeals Coordinator's Office did not keep a copy of the appeal form.  (ECF No. 24-1 at 2; ECF No. 24-5 ¶ 8.)  Instead, a summary of the subject of the appeal was entered into the Appeals Coordinator's database.  (ECF No. 24-1 at 2; ECF No. 24-5 ¶ 8.)  Defendants provided the Court with a copy of a screen shot evidencing the summary of Plaintiff's

_____

[3] Notably, Plaintiff's Complaint also includes an allegation that his First Amendment rights were violated because he was denied access to a sweat lodge.  Plaintiff has submitted no evidence that he included this specific complaint for a sweat lodge in his 602 Appeals.  To the contrary, the appeals submitted by Defendants only concern Plaintiff's complaint regarding a search of his cell, and the alleged theft of his religious materials.  Therefore, the analysis of his First Amendment claim is limited to his claim that the officers confiscated his religious materials.

1  appeal in the database.  (ECF No. 24-1 at 2; ECF No. 24-5 ¶ 8.)

2  **2.  Plaintiff's Second Attempt at a First-Level Appeal**

3  Plaintiff resubmitted the appeal regarding the alleged religious rights violations to

4  the Donovan Correctional Facility Appeals Coordinator's Office on November 21, 2013,

5  and it was again rejected on November 22, 2013.  (ECF No. 24-5 ¶ 9.)  Plaintiff received

6  three rejection letters explaining three separate basis for rejecting his appeal.  (*Id.* at ¶ 9.)

7  The first November letter to Plaintiff stated:

8  Your appeal has been rejected pursuant to the California Code of

9  Regulations, Title 15, Section (CCR 3084.6(b)(7).  Your appeal is missing

10  necessary supporting documents as established in CCR 3084.3.  All

11  documents must be legible.  (If necessary, you may obtain copy(ies) of

12  requested documents by sending a request with a signed trust withdrawal

13  form to your assigned counselor).  Your appeal is missing: * Original

14  property receipt.

15  (ECF No. 24-6, Ex. C.)  The second November 22, 2013 letter stated:

16  Your appeal has been rejected pursuant to the California Code of

17  Regulations, Title 15, Section (CCR) 3084.6(b)(7).  Your appeal is missing

18  necessary supporting documents established in CCR 3084.3.  All documents

19  must be legible.  (If necessary, you may obtain copy(ies) of requested

20  documents by sending a request with a signed trust withdrawal form to your

21  assigned counselor).  Your appeal is missing: CDCR Form 22 to Alaniz,

22  Supervisor Fac D. Sgt.  You have failed to attempt to resolve your issue by

23  utilizing the CDCR Form 22 process.  You may have your unit officer sign

24  the CDCR Form 22, so you have the receipt for proof that you have

25  attempted to resolve your issue.  Another option is to mail the CDCR Form

26  22 directly to the intended staff person; however you will not be provided

27  with a receipt.  Send the CDCR Form 22 to the appropriate staff member for

28  a response; if dissatisfied with their response send it to their supervisor; if

you are still not satisfied with the response, attach it to your appeal and resubmit it to the appeals office for further review.

(ECF No. 24-6, Ex. D.)  The third November 22, 2013 letter stated:  "Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(7).  You have attached dividers or tabs to the appeal forms and/or supporting documents.  * Remove letter."  (ECF No. 24-6, Ex. E.)

According to V. Sosa, Plaintiff did not resubmit his appeal to the Donovan Correctional Facility Appeals Coordinator's Office, and Plaintiff has not filed any other inmate appeal concerning his ability practice his religion within the Donovan Correctional Facility.  (*Id.* at ¶ 10.)  Officer A. Alanis explains that Plaintiff "never submitted a Form 22 to [him] to resolve the alleged confiscation of his religious items." (ECF No. 33-2, ¶ 3.)  A. Alanis reviewed Plaintiff's 602 appeal and the attached cell-search receipt, which is attached to his declaration as Exhibit A.  (ECF No. 33-2, ¶ 3.)  A. Alanis explains that the cell search receipt lists the officer as "A. Alaniz," when his name is, in fact, spelled "A. Alanis."  (ECF No. 33-2, ¶ 4.)  He further states that the handwriting on the cell search receipt is not his.  (ECF No. 33-2, ¶ 6.)  A. Alanis also states that Plaintiff "never approached [him] with a Form 22, and [he] did not thwart [Plaintiff's] efforts to complete the Form 22 process."  (ECF No. 33-2, ¶ 6.)

Defendants also submit a declaration from S. Whiting, who was Correctional Officer Alanis's supervisor in September of 2013.  (ECF No. 33-5, ¶ 2.)  S. Whiting declares that Plaintiff never submitted a Form 22 to him, as Correctional Officer Alanis's supervisor, to resolve the alleged confiscation of his religious items.  (ECF No. 3305, ¶ 4.)  He states that he "never received a Form 22 from [Plaintiff] personally, or through the institutional mail.  [Plaintiff] never informed me he tried to interview Correctional Alanis through the Form 22 process and that Correctional Officer Alanis refused to cooperate or otherwise respond to [Plaintiff's] request."  (ECF No. 33-5, ¶ 4.)  S. Whiting further states that had Plaintiff delivered a Form 22 to him, he would have "processed it within the required time and addressed the matter with [Plaintiff] and the Appeals

1    Coordinator's office as necessary."  (ECF No. 33-5, ¶ 5.)

2        M. Voong's declaration describes the process for tracking inmate appeals that

3    reach the third-level of review.  (ECF No. 24-7 at ¶ 4.)  Upon request from the Office of

4    the Attorney General, the Appeals Coordinator's Office conducted a search of all third

5    level inmate appeals from inmate James Maxwell Green "pertaining to allegations that

6    Richard J. Donovan staff prevented him from freely exercising his religion."  (*Id.* at ¶¶ 8-

7    9.)  According to M. Voong, "[a] thorough search of records, which are kept in the

8    ordinary course of business at or near the time [the Appeals Coordinator's Office]

9    receives an inmate appeal, show that [the Appeals Coordinator's Office] did not receive

10   any appeal from Plaintiff concerning the allegations" that Donovan Correctional Facility

11   staff prevented him from freely exercising his religion.  (*Id.* at ¶¶ 8-9.)

### ii.   Plaintiff's Argument

13       Plaintiff's opposition states that he had "numerous submission (sic) to the appeals

14   process," and Defendants "have not been true or forthcoming when it comes to their so

15   called records."  (ECF No. 27 at 1.)  Plaintiff provides no evidence in support of his

16   opposition to Defendants' motion for summary judgment.

### iii.   Discussion

18       Given the above information, the Court **RECOMMENDS** a finding that Plaintiff

19   failed to exhaust his administrative remedies with respect to his claim that Defendants

20   violated his First Amendment right to freely practice his religion.  Although Plaintiff

21   states that he filed "numerous" submissions, he does not provide any evidence that he

22   filed any appeal through the third level of review, as is required to exhaust his

23   administrative remedies.  *See* Cal. Code Regs., tit. 15 § 3084.7(d)(3).  To avoid summary

24   judgment, Plaintiff cannot rest solely on conclusory allegations.  *Berg v. Kincheloe*, 794

25   F.2d 457, 459 (9th Cir. 1986).  Rather, he must present "specific facts showing there is a

26   genuine issue for trial."  *Anderson*, 477 U.S. at 256.  Plaintiff's opposition to Defendants'

27   Motion for Summary Judgment fails in this regard.

28       Defendants, however, provide significant evidence to support their argument that

Plaintiff failed to exhaust the administrative remedy process by (1) submitting documentation of the letters sent to Plaintiff rejecting his submission on October 13, 2013 and November 22, 2013, (2) providing declarations from the appropriate prison authorities explaining that Plaintiff never challenged the cancellation of his first-level appeal, or corrected the issues with his appeals before resubmitting them through the third level of review. *Woodford*, 548 U.S. at 88. Because Plaintiff failed to complete the exhaustion process through the third level of review, Plaintiff did not exhaust his administrative remedies.

### iv.   Conclusion

Accordingly, the Court **RECOMMENDS** a finding that Plaintiff did not exhaust his administrative remedies.

### c.   Was the Administrative Appeals Process Effectively Available to Plaintiff?

Because Defendants have shown that an administrative remedy existed, and Plaintiff failed to exhaust his administrative remedies, the burden now shifts to the Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Williams*, 775 F.3d at 1191; *see also Albino*, 697 F.3d at 1032.

### i.   Defendants' Argument

Defendants submit declarations from V. Sosa, Appeals Coordinator at the Donovan Correctional Facility in San Diego, California (ECF No. 24-5), M. Voong, Chief of the Office of Appeals in Sacramento, California (ECF No. 24-7), and B. Self, Appeals Coordinator at the Donovan Correctional Facility in San Diego, California (ECF No. 33-4) to support their argument that administrative remedies were available to Plaintiff. *See* section (IV)(a) for a detailed explanation of the administrative grievance process.

### ii.   Plaintiff's Argument

Plaintiff's opposition motion states that "defendants failed to state they did not afford Plaintiff the right in which to get responses and or even allow the appeal to go

through." (ECF No. 27 at 1.) Plaintiff further states that he made "numerous submissions to the appeals process and was met in an negative (sic) manner when the defendants made sure their time constraints were well pass the time limits."[4] (*Id.*)

### iii. Discussion

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford*, 548 U.S. at 90. The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. *See Booth v. Churner*, 532 U.S. 731, 741 n.6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. *See Woodford*, 548 U.S. at 90-93. Instead, "to properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,'[ ]-rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88).

However, the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." *Sapp*, 623 F.3d at 822. Administrative remedies can be "effectively unavailable" if the "local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Williams*, 775 F.3d at 1191. To excuse a failure to exhaust on the basis that the administrative remedies were effectively unavailable, a prisoner must demonstrate "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." *Sapp*, 623 F.3d at 823-24.

///

---

[4] None of Plaintiff's 602 Appeals were rejected based on untimeliness.

### 1.  Plaintiff Filed a Grievance that Would Suffice to Exhaust His First Amendment Claim

Defendants state that Plaintiff filed an inmate appeal "claiming that Defendant Alanis searched his cell on September 22, 2013, and destroyed his religious alter and removed religious artifacts." (ECF No. 24-5, ¶ 6.)  The alleged destruction and removal of his religious artifacts form one basis of Plaintiff's allegation that Defendants violated his First Amendment rights.[5]  Viewing the evidence "in the light most favorable to the nonmoving party[,]" the Court finds that had Plaintiff submitted this inmate appeal through all three levels of the exhaustion process, it would have sufficed to exhaust his due process claim.  *See Anderson*, 477 U.S. at 256.  However, Plaintiff's inmate appeal was rejected for (1) failure to attach an original property receipt (ECF No. 24-6, Ex. C), (2) failure to comply with Form 22 requirements (ECF No. 24-6, Ex. D), and (3) failure to remove a letter attachment (ECF No. 24-6, Ex. E).  To prove that the administrative remedy process was effectively unavailable, Plaintiff must show that *all* of the three reasons given for rejecting his inmate appeal are inconsistent with applicable regulations.  *See Sapp*, 623 F.3d at 823-24.

### a.  Failure to Attach an Original Property Receipt

Defendants argue that requiring Plaintiff to attach a copy of the original property receipt to his 602 Appeal is supported by CDCR's regulations.  (ECF No. 33 at 6.)  Specifically, Defendants cite to California Code of Regulations, title 15, Section 3084.2(b)(7) which states that an appeal may be rejected if it "is missing necessary supporting documents as established in section 3084.3."  (ECF No. 33 at 6.)  B. Self further explains that an appeals coordinator may instruct an inmate to submit an original

---

[5] Plaintiff also alleges that he was denied access to a sweat lodge, and that this also violated his First Amendment right to freely practice his religion.  Plaintiff has submitted no evidence that he included this specific complaint for a sweat lodge in his 602 Appeals.  To the contrary, the appeals submitted by Defendants only concern Plaintiff's complaint regarding a search of his cell, and the alleged theft of his religious materials.  Therefore, the only claim that could have been exhausted is the one based on an alleged confiscation of his religious materials.

of any necessary document to ensure the authenticity of that document because it is common for inmates to forge documents to achieve their desired results.  (*See* ECF No. 33-4, ¶ 5.)  According to B. Self, "[r]equiring an inmate to attach the original of a document necessary to the appeal helps to guard against any forgeries and abuse of the appeals process."  (*Id.* at ¶ 5.)  B. Self also notes the misspelling of Officer Alanis's name on the cell search receipt that Plaintiff attached to his 602 Appeal as evidence of the reasoning behind the requirement that a prisoner attach the original receipt when filing a 602 Appeal.  (*Id.* at ¶¶ 5, 7.)

Plaintiff does not counter Defendants' argument that requiring him to attach his original property receipt is consistent with applicable regulations.  Plaintiff only states that "defendants failed to state they did not afford Plaintiff the right in which to get responses and or even allow the appeal to go through."  (ECF No. 27 at 1.)  But Plaintiff does not explain how Defendants allegedly thwarted his attempts to submit his appeal. His statement that he made "numerous submissions to the appeals process and was met in a negative (sic) manner" does not specify how his appeals were met in a negative manner, nor does he make any reference to having corrected his deficient appeals by attaching the original receipt.  (*Id.*)  Plaintiff does not respond to Defendants' allegations that the receipt he attached was forged, and contained a misspelling of Defendant Alanis's name. Defendants have put forth substantial evidence that the requirement to attach an original property receipt is consistent with applicable regulations.  Plaintiff has not met his burden to show otherwise.  Therefore, the Court **RECOMMENDS** a finding that requiring Plaintiff to attach his original property receipt to his 602 Appeal is consistent with applicable regulations.

### b.  Failure to Utilize the Form 22 Process

Defendants assert that Plaintiff did not submit a Form 22 to Correctional Officer Alanis, or his supervisor, Sergeant Whiting, at any time, regarding the incidents that form the basis of his rejected inmate appeal.  (ECF No. 33 at 4.)  Title 15 of the California Code of Regulations provide that, "Inmates and parolees may request interviews with

staff and/or request items and services via a written request process," pursuant to a "CDCR Form 22 (10/09), Inmate/Parolee Request for Interview, Item or Service."  15 Cal. Code Regs. § 3086(a), (c).  These forms are to "be made readily available" throughout the prison.  *Id.*, § 3086(c).  A Form 22 is intended to facilitate the "timely resolution of routine matters through an effective and non-conflictive communication process," pursuant to which, "Department staff shall attempt to resolve inmate and parolee issues expeditiously."  *Id.*, § 3086(a).  The regulations require an initial response to a submitted Form 22 within three working days.  *Id.*, § 3086(f)(4).  A prisoner may thereafter resubmit the Form 22 to the reporting employee's supervisor, who must provide a response within seven calendar days.  *Id.*, § 3086(h).

While an inmate's submission of a Form 22 does not stay the thirty-day deadline for initiating a Form 602 appeal (or any subsequent appeal deadlines), and the two forms may even be filed at the same time, exhaustion of the Form 22 process may nevertheless be deemed a prerequisite to pursuing a Form 602 appeal.  *Id.*, § 3086(e)(2).  Such an additional requirement appears to trigger a thirty-day extension of time for initially submitting the appeal.  *Id.*, § 3084.4(c).  However, "[a]n inmate's . . . documented use of a Request for Interview, Item or Service form does not constitute exhaustion of administrative remedies as defined in subsection 3084.1(b) [pursuant to a Form 602]." *Id.* § 3086(i).

Although CDCR's Form 22 appears to accord substantial discretion to prison officials to decide whether to require a prisoner to complete the Form 22 process before accepting a related Form 602 appeal, such discretion appears to be authorized by the Department's regulations.  It is reasonable to require that a prisoner seeking to challenge this discretion demonstrate compliance, or at least a good faith attempt to comply, with the authorized exhaustion requirements before bringing the challenge to federal court on

the ground that administrative remedies were "effectively unavailable."[6] *See also Coleman v. Hubbard*, 2012 WL 3038571, at *9-10 (E.D. Cal. July 25, 2012).

For example, in *Johnson v. Sweeney*, the district court found that an inmate was excused from fulfilling the Form 22 requirement where he was thwarted from complying because a prison officer refused to sign it, and Plaintiff submitted multiple 602 Appeals so stating, as well as a letter to the Appeals Coordinator recounting his efforts to comply with the Form 22 requirement.  2015 WL 6082061, at *6-7 (E.D. Cal. Oct. 13, 2015).  There, the court excused the plaintiff's failure to exhaust because he had put forth sufficient evidence demonstrating his "substantial compliance" with the Form 22 process.  *Id.*

In another case, *Rios v. Paramo*, the plaintiff put forth evidence that he had, indeed, submitted two Form 22's, and had never received a response from the appropriate prison officials.  2015 WL 5155803, at *31 (S.D. Cal. June 29, 2015) *report and recommendation adopted in part, rejected in part*, 2015 WL 5155758 (S.D. Cal. Sept. 1, 2015)(report and recommendation rejected on other grounds).  Because that plaintiff never received a response from the Form 22s, he could not attach the receipt to his resubmission of his 602 Appeal.  *Id.*  Viewing the evidence in the light most favorable to the plaintiff, the court found that it would be "unreasonable to expect Plaintiff to attach a CDCR 22 completed through section D, i.e., the supervisor's response, when the evidence Plaintiff submits indicates that Plaintiff never received a response to his request."  *Id.*  The court concluded that an administrative remedy was not available to "as a practical matter" where a prison official directs an inmate to accomplish the impossible as a prerequisite to exhausting that remedy.  *Id.* (citing *Albino*, 747 F.3d at 1171).

---

[6] If a showing were made that an appeals coordinator was abusing that process for the purpose of thwarting an inmate in the pursuit of his grievance through the more regularly employed three levels of formal review, the excusing of exhaustion under the Ninth Circuit's decision in *Sapp* may well be appropriate.  Here, however, plaintiff has made no such showing.  In contrast, Defendants provide declarations from Officer Alanis (ECF No. 33-2) and Sergeant Whiting (ECF No. 33-5) declaring that neither of them received a Form 22 from Plaintiff.

1   Therefore, the court found that the defendants had not satisfied their burden of

2   demonstrating that plaintiff failed to exhaust his administrative remedies. *Id.*

3       Defendants provide ample evidence, including declarations from appropriate

4   prison authorities, establishing that the Form 22 requirement is consistent with applicable

5   regulations. (*See* ECF Nos. 24-5, 24-7.) Defendants explain that the Form 22 is intended

6   to facilitate the "timely resolution of routine matters through an effective and non-

7   conflictive communication process," pursuant to which, "Department staff shall attempt

8   to resolve inmate and parolee issues expeditiously." *Id.*, § 3086(a).

9       Plaintiff does not counter Defendants' argument that requiring him to submit a

10  Form 22 is consistent with applicable regulations. Plaintiff only states that "defendants

11  failed to state they did not afford Plaintiff the right in which to get responses and or even

12  allow the appeal to go through." (ECF No. 27 at 1.) But Plaintiff does not explain how

13  Defendants allegedly thwarted his attempts to submit his appeal or a Form 22. His

14  statement that he made "numerous submissions to the appeals process and was met in a

15  negative (sic) manner" does not specify how his appeals were met in a negative manner,

16  nor does he make any reference to having submitted or attempted to submit a Form 22.

17  (*Id.*) Plaintiff does not respond to Defendants' allegations that he never approached

18  Defendant Alanis or Sergeant Whiting to sign a Form 22. Plaintiff failed to pursue the

19  matter further, and there is no indication he was prevented from doing so. *See e.g.,*

20  *Nunez*, 591 F.3d at 1226 (holding that inmate's failure to exhaust his administrative

21  remedies was excused because he took reasonable steps to present his claim to prison

22  officials and was precluded from exhausting his administrative remedies, not through his

23  own fault but due to the prison warden's mistake in referring him to an inapplicable

24  Program Statement).

25      Lastly, nothing in the record suggests that the CDCR Form 22 requirement is a

26  "draconian procedural requirements that would 'trip[] up all but the most skillful

27  prisoners'" and render administrative remedies effectively unavailable, so as to excuse a

28  failure to exhaust. *See Sapp*, 623 F.3d at 827 (citing *Woodford*, 548 U.S. at 102).

Although the Court understands that the exhaustion process can be frustrating, that does not abdicate Plaintiff of his requirement to follow the appropriate procedures to exhaust his administrative remedies, before he can obtain relief in court. *See also Ellis v. Camra*, 2005 WL 2105039, at *5 (E.D. Cal. Aug. 30, 2005) ("Frustration with the process is understandable.  However, if there is a process available, it must be utilized, regardless of how tiresome or trying.").  Defendants have put forth substantial evidence that the requirement to attach a Form 22 is consistent with applicable regulations.  Plaintiff has not met his burden to show otherwise.

In sum, Plaintiff's unsupported accusations do not provide the Court with the requisite factual basis upon which to determine that the Form 22 requirement is inconsistent with applicable regulations, rendering administrative remedies effectively unavailable to him. *Sapp*, 623 F.3d at 823.   Therefore, the Court RECOMMENDS a finding that requiring Plaintiff to attach a Form 22 to his 602 Appeal is consistent with applicable regulations.

### c.  Failure to Remove Letter Attachment

The third reason given for rejecting Plaintiff's 602 was his failure to remove dividers, tabs and a letter attachment from his submission.  Under California Code of Regulations, title 15, section 3084.2(b)(1), inmates must attach to an appeal supporting documents necessary to clarify the appeal: "Only supporting documents, as defined in subsection 3084(h), necessary to clarify the appeal shall be attached to the appeal." Section 3084(h) defines those documents as

> including, but not limited to, classification chromos, property inventory sheets, property receipts, disciplinary reports with supplements, incident reports, notifications of disallowed mail, trust account statements, memoranda or letters, medical records and written requests for interviews, items or services.  Supporting documents do not include documents that simply restate the matter under appeal, argue its merits, or introduce new issues not identified in the present appeal form.

(ECF No. 33-4, ¶ 9.)  Additionally, California Code of Regulations, title 15, section 3084.2(b)(3) states that "inmates or parolees shall not deface or attach dividers or tabs to their appeal forms."  In his declaration, B. Self explains this requirement is necessary because inmates have a tendency to attach multiple tabs and dividers that burden the appeals coordinator and make the physical handling and filing of the appeal difficult.  (ECF No. 33-4, ¶ 9.)  Defendants argue that because California Code of Regulations, title 15, section 3084.2(b)(3) creates a mandatory requirement that tabs and dividers be removed from inmate appeals, it is reasonable to require Plaintiff to comply with those requirements, or at least make a good faith attempt to comply with them.  (ECF No. 33 at 10.)

Again, Plaintiff offers only conclusory statements regarding his appeal submissions.  His statements do not allege that he filed a compliant appeal without dividers and without the letter attachment.  Nor does Plaintiff explain a reason or justification for failing to conform his appeal to the prison requirements.  *See also Ellis*, 2005 WL 2105039 at *5 ("Frustration with the process is understandable.  However, if there is a process available, it must be utilized, regardless of how tiresome or trying.").  Moreover, nothing in the record suggests that the requirement to remove dividers is a "draconian procedural requirement[] that would 'trip[] up all but the most skillful prisoners'" and render administrative remedies effectively unavailable, so as to excuse a failure to exhaust.  *See Sapp*, 623 F.3d at 827 (citing *Woodford*, 548 U.S. at 102).  Accordingly, the Court RECOMMENDS a finding that the requirement to remove dividers from 603 Appeal submissions is consistent with applicable regulations.

### iv.    Conclusion

Although Plaintiff met the first prong of the *Sapp* analysis, he has failed to rebut Defendants' showing that prison officials did not screen his grievance for reasons inconsistent with or unsupported by applicable regulations.  *Sapp*, 623 F.3d at 823-24.

Therefore, the Court **RECOMMENDS** a finding that administrative remedies were not effectively unavailable to Plaintiff.

### d.  Conclusion

The Court **RECOMMENDS** a finding that Defendants have adequately shown that an administrative remedy existed, and Plaintiff failed to exhaust his administrative remedies.  The Court further **RECOMMENDS** a finding that Plaintiff failed to show that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him.  Thus, the Court **RECOMMENDS** that Defendants' motion for summary judgment based on failure to exhaust administrative remedies for his claim regarding a violation of his First Amendment right to religious freedom, as required by 42 U.S.C. § 1997e(a), be **GRANTED**.

## V.  PLAINTIFF'S EXHAUSTION OF ADMINISTRATIVE REQUIREMENTS REGARDING ALLEGED VIOLATIONS OF HIS EIGHTH AMENDMENT RIGHTS

Plaintiff's Complaint states that Defendants violated his "right to be free cruel and unusual punishment in the form of hate crime based upon the right to worship in any way without being harassed by the defendants thereof."  (ECF No. 1 at 4-5.)  He further alleges that he was cuffed and placed in a cage in an attempt "to degrade him and threaten him with harm to his person."  (ECF No. 1 at 1.)

### a.  Defendants' Argument

In support of their argument that Plaintiff failed to exhaust his Eighth Amendment claim, Defendants submit declarations from V. Sosa, Appeals Coordinator at the Donovan Correctional Facility in San Diego, California (ECF No. 24-5) and M. Voong, Chief of the Office of Appeals in Sacramento, California.  (ECF No. 24-7.)  V. Sosa's declaration states that he performed a "thorough review of Donovan's IAO (Inmate Appeals Office) records and database" and found no appeal by Plaintiff alleging that Defendants D. Paramo, W. Edrozo, J. Beard, Ph.D., R. Johnson, S. Davis, A. Alanis, or

S. Whiting "intimidated [him] with acts of violence" and subjected him to "racial discrimination" and "harassment" by "placing him in a cage." (ECF No. 24-1 at 3; ECF No. 24-5 ¶ 11.)

M. Voong's declaration likewise states that the Office of Appeals was unable to locate any appeal from Plaintiff regarding his claims that Donovan Correctional Facility staff "intimidated [him] with actions or violence" and subjected him to "racial discrimination" and "harassment" by "placing him in a cage." (ECF No. 24-7 ¶¶ 8-9.)

### b. Plaintiff's Argument

As above, Plaintiff provides no evidence in support of his opposition to Defendants' motion for summary judgment. Plaintiff's opposition states that he had "numerous submission (sic) to the appeals process," and Defendants "have not been true or forthcoming when it comes to their so called records." (ECF No. 27 at 1.)

### c. Discussion

Given the above information, the Court RECOMMENDS a finding that Defendants have met their burden of proving that Plaintiff failed to exhaust his administrative remedies with respect to his claim that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Although Plaintiff states that he filed "numerous" submissions, he does not detail those submissions, or provide any evidence that he filed an appeal at all, let alone through the third level of review, as is required to exhaust his administrative remedies. To avoid summary judgment, Plaintiff cannot rest solely on conclusory allegations. *Berg*, 794 F.2d at 459. Rather, he must present "specific facts showing there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. Plaintiff's opposition to Defendants' Motion for Summary Judgment fails to do so. Defendants, however, provide significant evidence to support their argument that Plaintiff failed to initiate, let alone exhaust, the administrative remedy process through the declarations from the appropriate prison authorities. (*See* ECF No. 24-5 ¶ 11; *see also* ECF No. 24-7 ¶¶ 8-10.)

///

### d.  Conclusion

Because Plaintiff failed to rebut Defendants' showing that he did not properly exhaust his administrative remedies prior to bringing this action, the Court **RECOMMENDS** that Defendants' motion for summary judgment based on failure to exhaust administrative remedies regarding his Eighth Amendment claim of cruel and unusual punishment, as required by 42 U.S.C. § 1997e(a), be **GRANTED**.

## VI.    CONCLUSION

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. section 636(b)(1).  For the reasons set forth above, it is **RECOMMENDED** that:

1.  Defendants' Motion for Summary Judgment regarding Plaintiff's claim that his religious freedom was violated be **GRANTED**.

2.  Defendants' Motion for Summary Judgment regarding Plaintiff's claim that he was subjected to cruel and unusual punishment be **GRANTED**.

**IT IS ORDERED** that no later than **June 24, 2016** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **July 8, 2016**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

Dated:  June 10, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge